ON PETITION FOR REHEARING
MANN, Judge.
Appellant has filed a petition for rehearing to which we should, in fairness, respond. His last point should be first. Appellant’s counsel states that the quotation from Shapiro v. Freeman may be regarded as suggesting a parallel between counsel’s conduct in the two cases. It was not so intended.
*904 It is possible that two decades of personal friendship might have induced the assumption that all of the readers of this opinion know the appellant’s attorney as a competent and ethical lawyer, chairman of the Florida Court Rules Committee, a member of the Law Revision Commission and a good citizen. He has brought here, as he had a right to, a hitherto undecided question. The reference to Shapiro was philosophic, not personal. The bench and bar have an important responsibility in the administration of justice. When the courts are clogged the wronged go without recompense and the guilty without punishment.
Appellant attaches to his petition a copy of a counterclaim and answer thereto and fears that we have purported to determine ownership of the property, which the counterclaim, not a part of the original record, disputes. In his brief appellant states that “The property was originally held as an estate by the entireties.” We had no notice of issues raised by the pleadings, nor did we purport to decide them. From the appellant’s statement we assumed that the appellee had an interest.
In any event, it is apparent that the order appealed from related to issues raised by the pleadings insofar as the abbreviated record disclosed them. The appellant showed us no reason why the order was not within the sound discretion of the trial judge.
Lastly, the appellant suggests that we have overlooked the reason for requiring a written motion except at a “trial or hearing”. “Absent this requirement,” the appellant states, “oral motions can be made at any argument in the trial court or any meeting at which the parties and the court are present. Most of these confrontations are not reported and the result of the decision in this appeal will permit the record of proceedings in the trial court to be nonexistent in many instances.” This is plainly not so. A conversation at the courthouse coffee counter is not a hearing. A pre-trial conference is. It is held in the chambers of the judge, on notice, with counsel present. We have plainly stated that an oral motion and the ruling thereon must be reduced to writing, which was done here, so that the record will permit review. It would have been preferable if appellee’s counsel had filed a written motion in advance of the pre-trial conference, but the trial court, well within its broad discretion, determined good cause to grant the inspection requested.
Petition for rehearing is denied.
As thus amended, the original opinion is adhered to.
HOBSON, J., concurs.
PIERCE, Acting C. J., dissents.